UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


EMANUEL NKEMAKOLAM,          :
          Petitioner        :
                            :
     v.                     :          CIVIL NO. 3:CV-05-893
                            :
                            :          (Judge Conaboy)
THOMAS DECKER, ET AL.,      :
          Respondents       :
_____

### MEMORANDUM AND ORDER
### Background

     Emanuel Nkemakolam, a detainee of the Bureau of Immigration
and Customs Enforcement (BICE) presently confined at the Pike
County Prison, Lords Valley, Pennsylvania, filed this pro se
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.
The required filing fee has been paid.  Named as Respondents are
the BICE, its Acting Field Office Director Thomas Decker, and the
Department of Homeland Security.

     Nkemakolam identifies himself as being a native and citizen of
Nigeria who entered the United States as a student around 1980.  He
became a lawful permanent resident in 1987.  Petitioner
acknowledges that he was convicted of criminal possession of a
controlled substance in the State of New York.  While serving a
term of incarceration stemming from his criminal conviction, the
BICE initiated removal proceedings.  An Immigration Judge ordered
his removal from the United States on October 14, 1998.

1

An appeal to the Board of Immigration Appeals (BIA) was dismissed as untimely on December 23, 1998.  Petitioner then filed an emergency habeas corpus petition which was assigned to Judge Munley of this Court.  The emergency petition which challenged the legality of his removal proceedings was subsequently denied. <u>See</u> <u>Nkemakolam v. Ridge</u>, Civil No. 3:CV-04-1041, slip op. (M.D. Pa Nov. 16, 2004)(Munley, J.).  Petitioner's appeal of that decision is presently pending before the United States Court of Appeals for the Third Circuit.

In his present action, Nkemakolam states that he was taken into custody by the BICE on April 5, 2004.  He admits that on August 5, 2004, the BICE denied his request for supervised release. The notice of denial also advised Petitioner that if a travel document was not obtained within ninety (90) days, his case would be transferred to the Headquarters Post Detention Unit (HQPDU). Three (3) days later, the Petitioner submitted a request for release to the HQPDU.  He contends that although the ninety (90) day period has now expired, there has been no response to his request.[1]

Nkemakolam's present action does not challenge the legality of his deportation but, rather, his "indefinite detention" pending removal.  Doc. 1, p. 4.  Petitioner states that he has been

---

[1]  It is noted that the Petitioner's request to the HQPDU was filed long before the expiration of the ninety (90) day period.

detained for over twelve (12) months and his removal within the foreseeable future is unlikely.  See id. at p. 8.  His petition adds that he has presented evidence showing that his release would not pose a threat to society.  Pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001), he maintains that his prolonged detention in BICE custody while awaiting deportation violates his constitutional rights.  He seeks his immediate placement on supervised release.

Based on the Supreme Court's decision in Zadvydas, this Court will refer the petition to the BICE as a request for review under 8 C.F.R. § 241.13.

### Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.[2]  At the conclusion of the ninety (90) day

---

[2] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

(i)    The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(continued...)

period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

In <u>Zadvydas</u>, the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the ninety (90) day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." <u>Zadvydas</u>, 533 U.S. at 689. Furthermore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." <u>Id</u>. at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." <u>Id</u>. at 701.

The Supreme Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion

<hr>

[2](...continued)
(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

4

of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. It stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In response to Zadvydas, the BICE adopted 8 C.F.R. §241.13. The Regulation "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. §241.13(a). Specifically, an eligible alien may make a written request for release to the HQPDU, "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. § 241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien a written response acknowledging receipt of his request and explaining the procedures that will be

used to evaluate the request. 8 C.F.R. § 241.13(e)(1).  The HQPDU

may grant an interview to the alien if such an interview would

"provide assistance in rendering a decision." 8 C.F.R. § 241.13

(e)(5).  The factors that the HQPDU must consider include:

> the history of the alien's efforts to comply with the
> order of removal, the history of the Service's efforts
> to remove aliens to the country in question or to third
> countries, including the ongoing nature of the Service's
> efforts to remove this alien and the alien's assistance
> with those efforts, the reasonably foreseeable results
> of those efforts, the views of the Department of State
> regarding the prospects for removal of aliens to the
> country or countries in question, and the receiving
> country's willingness to accept the alien into its
> territory.

8 C.F.R. § 241.13(f).  The Regulation further provides that the

"HQPDU shall issue a written decision based on the administrative

record, including any documentation provided by the alien,

regarding the likelihood of removal and whether there is a

significant likelihood that the alien will be removed in the

reasonably foreseeable future under the circumstances. The HQPDU

shall provide the decision to the alien, with a copy to counsel of

record, by regular mail." 8 C.F.R. § 241.13(g).

As previously noted, Petitioner indicates that a final order

of removal has been entered against him.  This petition was filed

approximately twelve (12) months after he was taken into custody by

the BICE on April 5, 2004.  Inasmuch as Nkemakolam previously

submitted a premature request with the HQPDU and has now challenged

his continued detention by filing a petition for a writ of habeas

6

corpus under §2241, the Respondents are instructed, in accordance with the directive of the Attorney General, to treat, as of this date, the petition as a request for release under 8 C.F.R. §241.13. See Zhang v. United States Attorney General, Civil No. 3:CV-02-336 slip op. (M.D. Pa. March 11, 2002)(Conaboy, J.); Singh v. INS, Civil No. 1:CV-01-1820, slip op. (M.D. Pa. Oct. 2, 2001)(Rambo, J.).

The BICE shall respond to the request within thirty (30) days as mandated. If a timely response is not provided by the BICE, Petitioner may request that this action be reopened. Having referred the matter to the BICE for disposition under existing review procedures, the petition will be dismissed without prejudice.

AND NOW, THIS 5th DAY OF MAY, 2005, IT IS THEREFORE ORDERED THAT:

1.    The petition for writ of habeas corpus to the extent it challenges Nkemakolam's ongoing detention is construed as a request for release under 8 C.F.R. § 241.13. The BICE shall respond to the request as mandated under said regulations.

2.    Petitioner's challenge to his ongoing detention, having been referred to the BICE for disposition under its existing review procedures, is hereby dismissed without prejudice.

3.    The Clerk of Court is directed to serve a copy of the Petition (Doc. 1) and this Order on the named Respondents.

4.    The Clerk of Court is directed to close this case.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge